UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RYAN C.,

                      Plaintiff,

v.                                                                                  CASE # 21-cv-00224

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>ANTHONY J. ROONEY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.    **RELEVANT BACKGROUND**

    A.    **Factual Background**

Plaintiff was born on July 31, 1988 and has at least a high school education. (Tr. 217, 222). Generally, plaintiff's alleged disability at the time of application was bipolar, anxiety, mind racing, depression, talking to himself, difficulty being around others, difficulty getting out of bed, nightmares, and a learning disability. (Tr. 212).

    B.    **Procedural History**

On January 5, 2018, plaintiff protectively applied for a period of Supplemental Security Income benefits under Title XVI of the Social Security Act. (Tr. 15). Plaintiff's application was denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On February 27, 2020, plaintiff appeared before ALJ Laura Michalec Olszewski. (Tr. 29-75). On April 2, 2020, ALJ Olszewski issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-24). On December 9, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    C.    **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant did not engage in substantial gainful activity since January 5, 2018, the application date (20 CFR 416.971 *et seq*.).

2. The claimant had the following severe impairments: bipolar disorder, anxiety disorder, major depressive disorder, attention deficit-hyperactivity disorder (ADHD), substance abuse disorder, and unspecified learning disorder. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, 416.926).

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant should work in a low-stress environment, defined as one with occasional use of judgment, occasional decision-making, and occasional changes in work setting. He is limited to simple, routine, and repetitive tasks. He should have no more than occasional interaction with supervisors, co-workers, and the public.

5.      The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.      The claimant was born on July 31, 1988, and was 29 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.      The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.      Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20CFR 416.986).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since January 5, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-24).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff's sole argument is that the ALJ did not properly consider Dr. Ippolito's opinion of marked limitations in regulating emotion. (Dkt. No. 6 at 2 [Pl's Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the medical opinion evidence and the RFC was supported by substantial evidence. (Dkt. No. 7 [Def.'s Mem. of Law]).

### III. RELEVANT LEGAL STANDARD

#### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.     ANALYSIS

Plaintiff's single argument is that the ALJ failed to properly consider the opinion from consultative examiner Dr. Ippolito. (Dkt. No. 6 at 9). For the reasons outlined below, the ALJ properly assessed Dr. Ippolito's administrative finding and the ALJ's determination was supported by substantial evidence.

Plaintiff's claim was filed on January 25, 2018, therefore the new regulations for evaluating opinion evidence apply. Under 20 C.F.R. § 416.920c the ALJ must articulate how she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. §

416.920c(a)-(c)[2]. The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion but need not expound on the remaining three. *Id.* § 416.920c(b).

On March 15, 2018, Dr. Ippolito examined the plaintiff at the request of the State agency. (Tr. 331). Upon examination the plaintiff was found to be cooperative with an adequate manner of relating, social skills, and overall presentation. While his expressive and receptive language was adequate, his eye contact was fleeting and motor behavior lethargic. His affect was depressed and tearful at times. (Tr. 333). Due to emotional distress his concentration was noted to be impaired but he was able to perform counting and simple calculations without error. He had difficulty with the serial 7s task but was able to complete the serial 3s task. Recent and remote memory skills were intact with fair insight and judgment. (Tr. 334). Dr. Ippolito opined plaintiff would have moderate to marked limitation in interacting adequately with supervisors, coworkers and the public. She also opined plaintiff would have marked limitations in the ability to regulate emotion, control behavior and maintain well-being. Limitations were attributed to his emotional distress and distractibility. (Tr. 335).

The ALJ discussed Dr. Ippolito's exam findings in detail at multiple points in the decision and cited the limitations. (Tr. 18-19, 21-22). ALJ Olszewski found the opinion partially persuasive reasoning the marked degree of limitation in functioning was not well supported by the record. (Tr. 22). Although brief, the ALJ's explanation and written decision allow the Court to "trace the path of [his] reasoning" for not adopting the doctor's finding. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01; *see Cichocki v. Astrue*, 729 F.3d 172, 178 n.3

(2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.")). It is clear from the RFC that the ALJ made detailed determinations regarding plaintiff's ability to interact with others and adapt or manage himself citing directly to Dr. Ippolito's report. (Tr. 18-19)( ("he related adequately with the consultative examiner. He also reported good friendships and relationship with his brother.").

The ALJ also explained plaintiff's daily activities were inconsistent with marked limitations. (Tr. 21). *Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *3 n.4 (W.D.N.Y. Jan. 6, 2022) (noting that an ALJ's discussion of a claimant's daily activities provided support for the ALJ's rejection of opinions even though the "ALJ did not expressly list these reasons in the section discussing [the] opinions" because "his rationale can be gleaned from the decision as a whole"). Plaintiff reported playing video games on his phone, attending basketball games for his child weekly, taking kids to school daily, attending to his personal care, watching television, and going to opioid dependence treatment. (Tr 21). Plaintiff's lack of mental health treatment since the application date was also aptly considered by the ALJ. (Tr. 21) *Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (ALJ properly considered plaintiff's lack of treatment undermined his claims disability).

Notably, the other medical opinions in the record found plaintiff less limited than the RFC. In April 2018, medical consultant Dr. Blackwell reviewed plaintiff's mental health history and opined that plaintiff had only mild limitations in all domains of mental functioning and his impairments were non-severe. (Tr. 97). For instance, Dr. Blackwell assessed the individual B Criteria and found only a mild impairment in all four domains of functioning, such as plaintiff's

7

ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. (Tr. 97). The ALJ however found the opinion unpersuasive as it was inconsistent with the findings of Dr. Ippolito and unsupported by later submitted medical evidence. (Tr. 22).

As referenced by the ALJ, Dr. Ryan also performed a consultative psychiatric exam of plaintiff in March 2010. (Tr. 313). Dr. Ryan concluded plaintiff had a moderate limitation in his ability to learn new tasks, perform complex tasks, make adequate decisions, related with others, and deal with stress. (Tr. 315). Notably, both Dr. Ryan and Dr. Ippolito opined plaintiff was able to follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration and maintain a regular schedule. (Tr. 313, 334). These findings would also be consistent with Dr. Blackwell's opinion. (Tr. 97). While all three opinions described a similar range of mental functioning it was within the ALJ's discretion to resolve conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence.").

Overall, ALJ Olszewski properly assessed Dr. Ippolito's finding of marked restrictions in regulating emotion. The ALJ determined the opined limitation was not supported by the evidence of record and the analysis in her decision identifies contrary medical evidence and substantial evidence to support the RFC. Plaintiff has not identified evidence that would support greater limitations, particularly relating to regulating emotion. The ALJ appropriately weighed all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is

**<u>DENIED</u>;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 7) is

**<u>GRANTED</u>.**


Dated: March 2, 2023                                     *<u>J. Gregory Wehrman</u>*
Rochester, New York                                      HON. J. Gregory Wehrman
                                                         United States Magistrate Judge